UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dashaud Luck, #351475 | ) C/A No.  4:14-2944-JMC-TER |
| | ) |
| Plaintiff, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| | ) |
| Georgina Ramey and Sgt. _____; | ) |
| in their personal and/or official capacity, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This is a civil action filed pro se by a state prison inmate. Dashaud Luck ("Plaintiff") is incarcerated at the MacDougall Correctional Institution, a part of the South Carolina Department of Corrections ("SCDC") prison system. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND**

In the Complaint submitted in this case (ECF No. 1), Plaintiff alleges that his constitutional rights are being violated by Defendant Ramey and other John Does allegedly "interfer[ing] with the grievance process and conspir[ing] to attempt to stop [Plaintiff] from exercising that right." Plaintiff's allegations primarily revolve around a grievance he allegedly filed on or about June 8, 2014 which he indicates was returned unprocessed.  In his complaint, he  indicates that he filed the grievance regarding a May 11, 2014 incident during which he states he had a nightmare during the night and cried out, which resulted in him being charged with a violation of SCDC Rule 825

1

Refusing/failing to obey orders, and subsequently a violation of SCDC Rule 814 Inciting/creating a disturbance.  Plaintiff states that he was found not guilty of the 825 violation for refusing/failing to obey orders but that the other charge should have been dropped as well. He indicates that he filed his step 2 grievance on June 8, 2014.  He alleges that  "knowing that [he] had a good chance of getting the charge dismissed Defendant Ramey withheld the grievance past the June 10, 2014 deadline and returned it back to me unprocessed to destroy any efforts of me properly exhausting my state remedies . . ..." As a result, Plaintiff summarily asserts that he has been deprived of his access to courts.[1] Plaintiff seeks injunctive relief.

---

[1] It is well established that prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817 (1977). In Bounds, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. To state a cognizable claim for denial of meaningful access to the courts a prisoner must allege a specific actual injury resulting from the alleged denial. Lewis v. Casey, 518 U.S. 343, 351–52 (1996); Cochran v. Morris, 73 F.3d 1310 (4th Cir.1996). A plaintiff must "demonstrate the alleged shortcomings in the law library or legal assistance program hindered his efforts to pursue a legal claim." Lewis, 518 U.S. at 351. The Court further explained that:
> the injury requirement is not satisfied by just any type of frustrated legal claim. Nearly all of the access-to-courts cases in the Bounds line involved attempts by inmates to pursue direct appeals from the convictions for which they were incarcerated, or habeas petitions. In Wolf v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), we extended this universe of relevant claims only slightly, to "civil rights actions"— i.e., actions under 42 U.S.C. § 1983 to vindicate "basic constitutional rights."

Lewis, 518 U.S. at 354 (internal citations omitted); see also Christopher v. Harbury, 536 U.S. 403, 414–15, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002) (stating that "the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong"). Specificity is required in pleading a denial of access to the courts claim. Cochran, 73 F.3d at 1317. Moreover,
> the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation. It follows, too, that when the access claim (like this one) looks backward, the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought. There is, after all, no point in spending time and money to establish the facts constituting denial of access when a

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir.1995) ( en banc ); Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir.1979). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); De'Lonta v. Angelone, 330 F.3d 630, 630n.1 (4th Cir.2003).

However, even when considered under this less stringent standard, the undersigned finds, for the reasons set forth below, that the Complaint is subject to summary dismissal without service of

---

plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element.
Christopher, 536 U.S. at 415. In order to make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations, as are provided here, but instead he must identify with specificity an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir.1996); see also White v. White, 886 F.2d 721, 723–24 (4th Cir.1989). Actual injury requires that the inmate demonstrate that his "nonfrivolous" post-conviction or civil rights legal claim has been "frustrated" or "impeded." Lewis, 518 U.S. at 353–55. Though Plaintiff summarily asserts that he was denied access to the courts in his Complaint, he offers no evidence to establish a denial of access to the courts, or that he suffered any harm in any court action he had pending. On the contrary, Plaintiff has filed the instant action, refuting his denial of access claim. Accordingly, this claim should be dismissed.

process under the provisions of 28 U.S.C. § 1915(e)(2)(B). The requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

## DISCUSSION

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999).

> Section 1983 provides, in relevant part as follows:
> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ..."

42 U.S.C. § 1983.

To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir.2001) (third alteration in original) (citation and internal quotation marks omitted).

Plaintiff has sued Defendant Ramey, who is identified as an inmate grievance coordinator and administrative assistant, because of the way she allegedly handled his grievance. Plaintiff alleges that Defendant Ramey refused to process his submitted grievance. However, it is well settled that prison inmates have no federal constitutional right to have any inmate grievance system in operation at the place where they are incarcerated. See, e.g., Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir.1991); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988); Brown v. Dodson, 863 F.Supp. 284, 285 (W.D.Va.1994). Furthermore, simply because a state or local authority chooses to establish an inmate grievance system, that choice does not confer any substantive constitutional right on the prison inmates or pre-trial detainees. See Mann. As a result, even if corrections officials fail to properly apply an inmate grievance procedure, as Plaintiff contends is the case here, Defendant Ramey cannot be held liable to Plaintiff under 42 U.S.C. § 1983 based on the allegations put forth against her by Plaintiff, and his Complaint should be dismissed as to these allegations. See Spencer v. Moore, 638 F.Supp. 315, 316 (E.D.Mo.1986); Azeez v. DeRobertis, 568 F.Supp. 8, 9–11 (N.D.Ill.1982).

In response to a proper form order issued by this Court advising Plaintiff that he had named as a Defendant "Sgt. _____" as a collective term for additional un-named and unidentified persons he intends to sue as Defendants, Plaintiff submitted service documents for a Sgt. Devin Gadson. However, Plaintiff did not submit an amended complaint, nor does his complaint currently pending before the Court reflect any specific allegations against this individual. Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the court must liberally construe a pro se complaint, the Unites States Supreme Court has made clear that a plaintiff must do more than

make conclusory statements to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678–79; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 679; Twombly, 550 U.S. at 555. The Complaint provides no factual allegations to demonstrate any personal involvement by Sgt. Gadson during the events outlined in the complaint. Therefore, to the extent that Plaintiff seeks to name Sgt. Gadson as a defendant in this case, he is entitled to summary dismissal from the case for any claims alleged by Plaintiff.[2]

## RECOMMENDATION

Based on the foregoing, it is recommended that the Court dismiss the complaint in this action without issuance and service of process. See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202–04 (4th Cir.1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; see also 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

November 25, 2014　　　　　　　　　　　　　　s/Thomas E. Rogers, III
Florence, South Carolina　　　　　　　　　　　Thomas E. Rogers, III
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

The plaintiff's attention is directed to the Notice on the next page.

---

[2]Plaintiff's claims against other "John Does" would likewise fail for lack of any factual allegations to demonstrate any personal involvement by said anonymous officers. Additionally, Plaintiff has failed to provide service documents or any identifying information about these officers at this time.

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).