# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Dashaud Luck, # 351475,     ) | |
| ) | Civil Action No.: 4:14-cv-02944-JMC |
| Plaintiff,     ) | |
| ) | |
| v.     ) | **ORDER AND OPINION** |
| ) | |
| Georgina Ramey; Sgt,     ) | |
| ) | |
| Defendants.     ) | |
| _____) | |

Plaintiff Dashaud Luck ("Plaintiff") filed this *pro se* and *in forma pauperis* action against Georgina Ramey ("Defendant") and other unnamed officials,[1] seeking injunctive relief and a hearing before the administrative law court. Plaintiff alleges Defendant interfered with the grievance process,[2] depriving him of access to the courts.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pre-trial handling. On November 25, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court dismiss the case without prejudice and without issuance and service of process. (ECF No. 21 at 6.) This review considers Plaintiff's Objections to the Report ("Objections") filed December 15, 2014. (ECF No. 24.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 21), and **DISMISSES** this action

---

[1] Plaintiff failed to file an amended complaint identifying specific people he wished to include in his action. Sgt. Devin Gadson is not listed in Plaintiff's Complaint. The court concludes that the Magistrate Judge was correct in excluding Sgt. Gadson from the action. (ECF No. 21 at 6.)

[2] The inmate grievance process is broken down into two steps. Step 1 requires completing a Form 10-5, detailing the alleged action with the appropriate time frames. The inmate may appeal a Step 1 decision by completing Form 10-5(a)—Step 2. The SCDC's response to a Step 2 grievance will be the SCDC's final response. *See* South Carolina Dep't of Corr., *Inmate Grievance System* 7-10, SCDC Policies/Procedures (Mar. 12, 2014), http://www.doc.sc.gov/pubweb/policy/policy.jsp.

1

(ECF No. 1) without prejudice and without issuance and service of process.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This court concludes, upon its own careful review of the record, that the Magistrate Judge's factual synopsis is accurate and incorporates it by reference. This court will thus focus on the facts pertinent to the analysis of Plaintiff's Objections.

Plaintiff alleges he was wrongly accused of refusing to obey and creating a disturbance.[3] (ECF No. 1 at 3.) Plaintiff's failing to obey charge was dropped (*id.*), however, the more serious charge of creating a disturbance was not dropped. (*Id*. at 4.) Plaintiff alleges he filed a grievance regarding the charge on June 8, 2015, but accuses Defendant of withholding the grievance past the filing deadline. (*Id*.) Plaintiff seeks injunctive relief and a proceeding before the administrative law court. (*Id*. at 5.)

The Magistrate Judge's November 25 Report found that Plaintiff failed to demonstrate a claim for a constitutional violation that would allow his claims to be brought under 42 U.S.C. § 1983. (ECF No. 21 at 5.) The Magistrate Judge found that prison inmates have no constitutional right to an inmate grievance system where they are incarcerated. (*Id*. at 5.)

In response to the Magistrate Judge's Report, Plaintiff filed a timely Objection on December 15, 2014. (ECF No. 24.)[4] In his Objections, Plaintiff emphasizes how he wouldn't have been allowed to bring an action against Defendant if he had not filed a grievance. (*Id*. at. 2) Plaintiff asserts that because his grievance was sabotaged, he was effectively denied access to the courts. (*Id*. at 3.) Additionally, Plaintiff reiterates how his First and Eighth Amendment

---

[3] Refusing to obey an order is classified as an 825 violation by the South Carolina Department of Corrections ("SCDC"). Creating a disturbance is classified as an 814 violation.

[4] Though the Report notified Plaintiff that Objections were due December 12, 2014, and the Objections were not filed with the court until December 15, 2014, Plaintiff dated and submitted his Objections to his superiors on December 11, 2014, within the deadline.

constitutional rights were violated by Defendant's actions, and how he had been informed by Defendant that he had no other remedies. (*Id*. at 5.)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02 for the District of South Carolina. The Magistrate Judge's Report is only a recommendation to this court, and has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Id*. The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff filed this Complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915, which allows a federal court to proceed with a prisoner's complaint or action without the prepayment of court fees by the prisoner litigant. 28 U.S.C. § 1915(a)(1). The statute attempts to restrain this privilege, and thus avoid allowing meritless lawsuits to flood the court system, by permitting a court to dismiss the case at any time upon finding that the action fails to state a claim on which relief may be granted.[5] § 1915(e)(2)(B)(ii).

*Pro se* complaints must be held to a less stringent legal standard than those complaints or proceedings drafted by lawyers, and a *pro se* document should be liberally construed by a federal court. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Technical niceties" should not defeat a meritorious claim when it can be amended to

---

[5] The statute also allows for a court to dismiss an *in forma pauperis* action for the following reasons: (1) the allegation of poverty is untrue; (2) the action or appeal is frivolous or malicious; and (3) the action or appeal seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(A)-(B).

achieve justice.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  However, while a *pro se* complaint may be entitled to "special judicial solicitude," federal courts are not required to recognize "obscure or extravagant claims."  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)). A complaint will be dismissed, even under the lens of a liberal interpretation, "if it does not allege 'enough facts to state a claim to relief.'"  *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (quoting *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)).

Federal courts are courts of limited subject matter jurisdiction and there is no presumption that the court has jurisdiction.  *Pinkley Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999).  They are "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute."[6]  *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998).  Therefore, a federal court is required to determine if there is a valid basis for jurisdiction, "and to dismiss the action if no such ground appears."  *Id.* at 352.  A plaintiff who seeks jurisdiction, even a *pro se* plaintiff whose complaint must be viewed liberally, must "allege in his pleadings the facts essential to show jurisdiction."  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).  Subject matter jurisdiction can be attained through (1) federal question under 28 U.S.C. § 1331, and (2) diversity of citizenship pursuant to 28 U.S.C. § 1332.

Objections to a Report must specifically identify portions of the Report and the basis for those objections.  Fed. R. Civ. P. 72(b)(2).  The Magistrate Judge correctly concludes that the allegations contained in Plaintiff's Complaint are not sufficient to show constitutional violations that would warrant relief under § 1983.  Plaintiff's Objections do not bring forward any new

---

[6] U.S. CONST. art. III, § 2, cl. 1 ("The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States and Treaties made…").

facts that change this initial conclusion.

### III.  DISCUSSION

In regard to the application of federal question to this Complaint, the essential allegations are insufficient to show that the civil complaint is one "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) this violation "was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  In his Objections, Plaintiff reasserts the allegations that he was falsely charged and that Defendant denied him access to the courts through the sabotage of Plaintiff's grievance.  If Plaintiff was unconstitutionally denied access to the courts through Defendant's actions, then Plaintiff would be allowed to seek relief under § 1983, thus giving the court original jurisdiction under § 1331.[7]

Though 42 U.S.C. § 1997e states a prisoner may not bring a § 1983 action until "such administrative remedies as are available are exhausted," § 1997e(a),  the statute does not view the lack of an administrative grievance procedure (or a failure to adhere to one) as a sufficient reason to initiate an action against the state.  § 1997e(b).[8]  The Report accurately notes that the ability to file grievances is not a constitutional right.[9]  The grievance system is "designed to provide inmates with a mechanism by which they may seek formal review of their complaints."

---

[7] This court need not address subject matter jurisdiction in regard to diversity of citizenship. It appears that all parties are domiciled in South Carolina, thus, complete diversity is lacking.  *See* 28 U.S.C. 1332(a).

[8] Section 1997e(b) says "[t]he failure of a State to adopt or adhere to an administrative grievance procedure shall not constitute the basis for an action under section 1997a or 1997c of this title." Both sections 1997a and 1997c outline when the Attorney General of the United States can bring or intervene in a civil action against a State or political subdivision of a State.  *See* 42 U.S.C. § 1997a and 42 U.S.C. § 1997c.

[9] *See* Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (recognizing that "there is no constitutional right to participate in grievance proceedings.").

South Carolina Dep't of Corr., *Inmate Grievance System*, SCDC Policies/Procedures (Mar. 12, 2014), http://www.doc.sc.gov/pubweb/policy/policy.jsp. Simply filing a Step 2[10] grievance does not entitle Plaintiff to a court proceeding.

Plaintiff's central accusation is that Defendant interferred with the grievance process. Though it is well established that prisoners have a constitutional right of access to the courts, *Bounds v. Smith*, 430 U.S. 817 (1977),[11] the Magistrate Judge correctly found that Plaintiff did not have a constitutional right to the prison grievance system.

## IV. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 21), and **DISMISSES** this action (ECF No. 1) without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 27, 2016
Columbia, South Carolina

---

[10] After receiving SCDC's final response (response to Step 2), an inmate can appeal to the administrative law court within 30 days. The administrative law court is not required to grant an appeal. *See* South Carolina Dep't of Corr., *Inmate Grievance System* 7-10, SCDC Policies/Procedures (Mar. 12, 2014), http://www.doc.sc.gov/pubweb/policy/policy.jsp.

[11] In *Bounds*, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. To state a cognizable claim for denial of meaningful access to the courts a prisoner must allege a specific actual injury resulting from the alleged denial. *Lewis v. Casey*, 518 U.S. 343, 351–52 (1996); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir.1996).